UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZACHARY PERKINS | § | |
| | § | **CIVIL ACTION NO.** |
| **Plaintiff** | § | |
| | § | |
| VS. | § | |
| | § | |
| JC PARK INVESTMENT, INC. | § | |
| | § | |
| **Defendant** | § | |

## COMPLAINT

TO THE U.S. DISTRICT JUDGE:

**COMES NOW**, Plaintiff ZACHARY PERKINS and brings this cause of action against JC PARK INVESTMENT, INC., ("JC PARK" or "Defendant"). JC PARK INVESTMENT, INC., owns, controls, manages, and rents the real estate, property, and improvements in Dallas, Texas where a business named E RAE KOREAN FOOD operates.  Mr. PERKINS respectfully shows that the Defendant's real estate, property, and improvements at the location are not accessible to individuals with mobility impairments and disabilities, in violation of federal law.

### I. CLAIM

1.      Mr. PERKINS, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorneys' fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

2.      Defendant refused to provide Mr. PERKINS and others similarly situated

with sufficient ADA-compliant parking in the parking lot that serves E RAE KOREAN FOOD. At the Dallas location, there is no ADA-Compliant Van Accessible space at the business. There is no disabled parking.

Based on these facts, DEFENDANT has denied Mr. PERKINS the ability to enjoy the goods, services, facilities, privileges, advantages, and accommodations at E RAE KOREAN FOOD.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in Dallas, Texas where the E RAE KOREAN FOOD business is located.

## PARTIES

5.      Plaintiff ZACHARY PERKINS is an Honorably-discharged, U.S. Army veteran that completed several combat tours. As a result of his service, Mr. Perkins has mobility impairments and traumatic brain injury (TBI). Mr. PERKINS has a disability and mobility impairments, as established by the Federal government and the Veteran's Administration. Mr. Perkins has a disabled placard on his vehicle from the State of Texas.  Mr. PERKINS has significant mobility impairments and uses assistive devices for mobility.  He is a "qualified individual with a disability" within the meaning of ADA Title III.

6.      Defendant JC PARK INVESTMENT, INC., owns, manages, controls, and leases the improvements and building where the E RAE KOREAN FOOD is situated. The address of E RAE KOREAN FOOD is 11434 Emerald St, Dallas, TX 75229. The business is a place of public accommodation, operated by a private entity, whose operations affect commerce within the meaning of Title III of the ADA.

7.      Defendant JC PARK INVESTMENT, INC., is the owner of the property. Defendant is a domestic corporation whose headquarters is 1709 S Morgan St, Granbury, TX 76048. Defendant can be served process via service to its Registered Agent: KYU T. PARK at 1709 S Morgan St, Granbury, TX 76048 as indicated by records from the Texas Secretary of State.

## II. FACTS

8.      E RAE KOREAN FOOD is a business establishment and place of public accommodation in Dallas, Texas. E RAE KOREAN FOOD is situated on real estate, property, and improvements owned, controlled, managed, and leased out by JC PARK INVESTMENT, INC.

9.      E RAE KOREAN FOOD is not accessible to disabled individuals because it has zero ADA-Compliant Van Accessible parking spaces. At the Dallas location, there is no ADA-Compliant Van Accessible space (96" space with 96" side access aisle). There is no disabled parking at the business.

10.     Pictures taken at the location prove this:



E RAE KOREAN FOOD business in Dallas TX. There is no ADA-Compliant Van Accessible space (96" wide with 96" side access aisle). There are no disabled parking signs.



E RAE KOREAN FOOD business in Dallas TX. There is no ADA-Compliant Van Accessible space (96" wide with 96" side access aisle). There are no disabled parking signs.

4



E RAE KOREAN FOOD business in Dallas TX. There is no ADA-Compliant Van Accessible space (96" wide with 96" side access aisle). There are no disabled parking signs.



E RAE KOREAN FOOD business in Dallas TX. There is no ADA-Compliant Van Accessible space (96" wide with 96" side access aisle). There are no disabled parking signs.



E RAE KOREAN FOOD business in Dallas TX. There is no ADA-Compliant Van Accessible space (96" wide with 96" side access aisle). There are no disabled parking signs.



E RAE KOREAN FOOD business in Dallas TX. There is no ADA-Compliant Van Accessible space (96" wide with 96" side access aisle). There are no disabled parking signs.



E RAE KOREAN FOOD business in Dallas TX. There is no ADA-Compliant Van Accessible space (96" wide with 96" side access aisle). There are no disabled parking signs.



E RAE KOREAN FOOD business in Dallas TX. There is no ADA-Compliant Van Accessible space (96" wide with 96" side access aisle). There are no disabled parking signs.



E RAE KOREAN FOOD business in Dallas TX. There is no ADA-Compliant Van Accessible space (96" wide with 96" side access aisle). There are no disabled parking signs.

11.     The Plaintiff went to E RAE KOREAN FOOD property in May of 2021.

12.     In encountering and dealing with the lack of an accessible facility, the Plaintiff experienced difficulty and discomfort. These violations denied Plaintiff the full and equal access to facilities, privileges and accommodations offered by the Defendant. Plaintiff intends to return to E RAE KOREAN FOOD. By not having an ADA-compliant parking area, the Plaintiff's life is negatively affected because he is not able to safely remove his mobility assistance devices without fear of being struck by a vehicle. This causes the Plaintiff depression, discomfort, and emotional stress and the Plaintiff is prevented from resuming a normal lifestyle and enjoying access to businesses in his area.

13.     Additionally, on information and belief, the Plaintiff alleges that the

8

failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the Defendant exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because Defendant intended this configuration; (3) Defendant has the means and ability to make the change; and (4) the changes to bring the property into compliance are "readily achievable."

14.     The Defendant's Dallas location does not have the required number of ADA parking spaces. With 1-25 parking spaces, Defendant must have one ADA-compliant Van Accessible space (96" Wide with 96" Side Access Aisle) with a sign. This space must be located close to the entrance of the business. *See* pictures above**,** and **Exhibit 1**.

15.     At the Dallas location, there is no ADA-Compliant Van Accessible space. The access aisle measures less than 96" wide. There are no disabled parking signs.

16.     The Americans with Disabilities Act (ADA), 42 U.S.C. §12101, has been federal law for 30 years.

### III. CAUSE OF ACTION - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101

17.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

18.     Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination

is defined, inter alia, as follows:

      a.      A failure to make reasonable modifications in policies practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

      b.      A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2) (A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

      c.      A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

19.      Pursuant to 28 C.F.R., Part 36, Appendix D (herein after "1991 Standards"), section 4.1.2, and 36 C.F.R., Part 1191, Appendix B (herein after "2010 Standards"), section 208.2, if a business provides between 1 and 25 parking spaces, Defendant must have at least <u>one</u> ADA-compliant Van Accessible space (96" Wide with 96" Side Access Aisle) near the business entrance. *See* **Exhibit 1**.

20.      Here, the Defendant did not provide a sufficient number of ADA-compliant parking spaces in its parking lot, although doing so is easily and readily done, and therefore violated the ADA.

## IV. RELIEF REQUESTED

Injunctive Relief

21.     Mr. PERKINS will continue to experience unlawful discrimination as a result of Defendant's refusal to comply with the ADA. Injunctive relief is necessary so he and all individuals with disabilities can access the Defendant's property equally, as required by law, and to compel Defendant to repave and restripe the parking lot to comply with the ADA. Injunctive relief is also necessary to compel Defendant to keep the property in compliance with federal law.

Declaratory Relief

22.     Mr. PERKINS is entitled to declaratory judgment concerning Defendant's violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Defendant's location.

23.     The facts are undisputed and Defendant's non-compliance with the ADA has been proven through on-site photographs.  Plaintiff proves a *prima facie* case of ADA violations by the Defendant.

Attorneys' Fees and Costs

24.     Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

## V.  PRAYER FOR RELIEF

THEREFORE, Mr. PERKINS respectfully requests this Court award the following relief:

11

A.      A permanent injunction, compelling Defendant to comply with the

Americans   with Disabilities Act; and enjoining Defendant from violating the ADA and

from discriminating against Mr. PERKINS and those similarly-situated, in violation of

the law;

B.      A declaratory judgment that Defendant's actions are a violation of the

ADA;

C.      Find that Mr. PERKINS is the prevailing party in this action, and order

Defendant liable for Plaintiff's attorneys' fees, costs, and litigation expenses; and,

D.      Grant such other and additional relief to which Plaintiff may be entitled in

this action.


DATED: SEPTEMBER 13, 2021          Respectfully,

                               By:     /s/ R. Bruce Tharpe
                                       R. Bruce Tharpe

                                       **LAW OFFICE OF**
                                       **R. BRUCE THARPE, PLLC**
                                       PO Box 101
                                       Olmito, TX 78575
                                       (956) 255-5111 (Tel)
                                       Email: RBTharpe@aol.com
                                       Questions@BruceTharpeLaw.com

                                       ATTORNEY OF RECORD FOR
                                       PLAINTIFF ZACHARY PERKINS